IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LESLIE M. LEWIS,

    Plaintiff,

v.                                      Civil Action No. 5:08CV167
                                                  (STAMP)

DR. DAVID PROCTOR,
CORRECTIONAL MEDICAL SERVICES, INC.,
and WEXFORD HEALTH SOURCES,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND REMANDING CASE TO
MAGISTRATE JUDGE FOR CONSIDERATION OF PLAINTIFF'S "MOTION:
PLEADING SPECIAL MATTERS" AND PLAINTIFF'S "MOTION FOR COMPUTING
AND EXTENDING TIME TO ADD PARTIES"**

I.  Procedural History

The pro se[1] plaintiff, Leslie M. Lewis, an inmate at St. Marys Correctional Center, in St. Marys, West Virginia, filed a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that the defendants failed to provide him with adequate medical care, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. Before the magistrate judge issued his report and recommendation, the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

plaintiff filed a motion for leave to amend his complaint to add Warden Teresa Waid as a defendant.

The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed as to defendants Correctional Medical Services, Inc. and Wexford Health Sources, but that the plaintiff's civil action proceed against defendant Dr. David Proctor. The report also recommended that the plaintiff's motion to amend his complaint to add Teresa Waid be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

After the entry of the report and recommendation, the plaintiff filed timely objections. He also filed two motions, one styled, "Motion: Pleading Special Matters," which appears to seek unspecified relief regarding the plaintiff's current inability to name individual defendants from Correctional Medical Services and Wexford Health Sources, and the other styled, "Motion for Computing and Extending Time to Add Parties." For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation and remands the case to magistrate judge for consideration of the plaintiff's two pending motions.

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on

the detailed recitation of facts provided in section I of Magistrate Judge Kaull's report and recommendation. An abbreviated review of the relevant facts follows below.

The plaintiff alleges that from November 18, 2007 to June 13, 2008, he was consistently denied medical treatment by the responsible physician despite the plaintiff's symptoms of loss of consciousness, severe stomach cramps, and passing blood, indicating a serious medical condition. The plaintiff filed administrative grievances with Warden Teresa Waid concerning his allegations that he was denied medical care. Those grievances were denied. This civil action followed.

Magistrate Judge Kaull found that Correctional Services, Inc. and Wexford Health Sources are not "persons" for purposes of a § 1983 complaint and that, therefore, the claims against these defendants be dismissed with prejudice for failure to state a claim upon which relief may be granted. The magistrate judge also found that the plaintiff failed to allege any actions personally undertaken by Warden Teresa Waid involving the plaintiff's medical care and that, accordingly, the plaintiff's motion for leave to add Warden Waid as a defendant should be denied. However, the magistrate judge found that the plaintiff, given his pro se status, set forth adequate facts concerning defendant Proctor's alleged deliberate indifference to the plaintiff's serious medical needs to permit the plaintiff's claims against that defendant to proceed.

The plaintiff objects to the magistrate judge's recommendation

that the claims against Correctional Medical Services and Wexford Health Sources be dismissed with prejudice. The plaintiff contends that he has been unable to identify individuals from Correctional Medical Services and Wexford Health Sources to name as parties because he has been denied access to the relevant medical records. He does not assert any arguments countering the magistrate judge's findings or recommendations concerning the motion seeking leave to add Warden Teresa Waid as a defendant.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court conducts de novo review to those portions of the magistrate judge's report and recommendation to which the plaintiff objects.

### IV. Discussion

A. Defendants Correctional Medical Services and Wexford Health Sources

Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. See 42 U.S.C. § 1983. Section 1983 prohibits any "person" from causing a deprivation of legal rights to any United States citizens under the color of State law. The magistrate judge found that neither Correctional Medical Services nor Wexford Health Sources constitutes a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Having reviewed this issue de novo, this Court agrees with the magistrate judge's conclusion that Correctional Medical Services and Wexford Health Sources are not proper parties to this action and must be dismissed.

B.  Defendant Dr. David Proctor

The plaintiff's contentions that Dr. Proctor provided inadequate and untimely medical care are reasonably construed as allegations of cruel and unusual punishment in violation of the Eighth Amendment. To state an Eighth Amendment claim for failure

to provide adequate medical care, a plaintiff must show that the defendant acted with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, a prisoner must meet a two-prong test encompassing both an objective element and a subjective element. Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("Wilson"). The objective element requires the prisoner to show a "sufficiently grave" deprivation of a basic human need. Id. The objective prong may be satisfied by the existence of an untreated or an inordinately delayed treatment of a serious medical condition. See, e.g., Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)(serious medical condition found where delayed treatment leads to permanent disability or loss) (collecting cases).

The subjective element requires the prisoner to show that the prison official or officials who caused the alleged deprivation acted with the a sufficiently culpable mental state--i.e., deliberate indifference--to that deprivation. Wilson, 501 U.S. at 302. The subjective prong may be satisfied by a showing that the prison official or officials causing the deprivation are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that they in fact draw the inference. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

The magistrate judge found that the plaintiff's complaint against defendant Proctor sets forth sufficient allegations to

6

state a claim for deliberate indifference with respect to the medical treatment provided to the plaintiff. Therefore, he recommends that defendant Proctor be ordered to respond to the complaint. Because no party has objected to the portion of the report and recommendation concerning the plaintiff's claims against defendant Proctor, this Court reviews that portion of the recommendation for clear error. Finding none, this Court agrees that the claims against defendant Proctor should proceed and that this defendant be made to answer the complaint.

B.  <u>Plaintiff's Motion to Add Warden Teresa Waid as a Defendant</u>

The magistrate judge, in his report and recommendation, recommended that the plaintiff's motion for leave to amend his complaint to add Warden Teresa Waid as a defendant should be denied. The magistrate judge correctly noted that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. <u>Fisher v. Wash. Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1143 (4th Cir. 1982), <u>abrogated on other grounds by</u> <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that Warden Teresa Waid was personally involved in any alleged deprivation of the plaintiff's constitutional rights. To the extent that the

plaintiff seeks to add Warden Teresa Waid as defendant in her supervisory capacities, the plaintiff would still have no claim against her, as the magistrate judge correctly concluded. A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

This Court finds no clear error in the magistrate judge's determination that the plaintiff fails to make any allegations showing the required elements for personal or supervisory liability against Warden Teresa Waid. Because the plaintiff cannot maintain a claim against Warden Teresa Waid, he may not amend his complaint to add her as a defendant. Accordingly, the plaintiff's motion for leave to amend his complaint will be denied.

C. Plaintiff's "Motion: Pleading Special Matters," and "Motion for Computing and Extending Time to Add Parties"

The plaintiff's "Motion: Pleading Special Matters," and "Motion for Computing and Extending Time to Add Parties" were filed

after the magistrate judge entered the report and recommendation in this action. Because these motions were not pending at the time the magistrate judge reviewed the plaintiff's complaint, the report and recommendation does not address the issues the motions raise. Accordingly, this case will be remanded to the magistrate judge for consideration of these pending motions.

V. Conclusion

Based upon a de novo review of those portions of the report and recommendation to which objections were filed and a review for clear error of those portions to which no objections were raised, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claims against defendants Correctional Medical Services and Wexford Health Sources are DISMISSED with prejudice. The plaintiff's claims against defendant Dr. David Proctor shall PROCEED, and that defendants shall be SERVED with a copy of a twenty (20) day summons and the complaint through the United States Marshals Service. Further, the plaintiff's motion to amend the complaint to name additional parties is DENIED to the extent that it seeks to add Warden Teresa Waid as a defendant. Finally, this case is REMANDED to the magistrate judge for consideration of the plaintiff's "Motion: Pleading Special Matters," and "Motion for Computing and Extending Time to Add Parties."

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail, to counsel of record herein, and to Magistrate Judge John S. Kaull.

DATED: July 31, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE