IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LESLIE M. LEWIS,

       Plaintiff,

v.                              Civil Action No. 5:08CV167
                                              (STAMP)
DR. DAVID PROCTOR,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] plaintiff, Leslie M. Lewis, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting an Eighth Amendment claim of deliberate indifference against defendant Dr. David Proctor, allegedly the doctor at Huttonsville Correctional Center, a West Virginia state facility. On November 18, 2007, the plaintiff alleges that he was taken to the Huttonsville Correctional Center Medical Unit ("medical unit") after he was passing blood. After two to three hours, a nurse examined the plaintiff. He was then told to return to his housing unit. When the plaintiff started to stand up, he passed out and "blood started to gush out of his rectum." The nurse called the doctor, who ordered that the plaintiff be put in observation. The plaintiff's bleeding became severe and an officer called the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

medical administrator, who ordered that the plaintiff go to the hospital. The hospital doctors diagnosed the plaintiff with a duodenal ulcer and upper GI bleed. The plaintiff was told when discharged to follow up in one to two weeks with a doctor. He was also advised to come back to the hospital if he had dark or bloody stool, vomiting or increased pain. Further, the plaintiff was advised to continue his prescribed medications and to schedule a repeat esophagastroduodenoscopy.

In March 2008, the plaintiff went to the medical unit about stomach cramps. He was not given medication. He was refused a stool sample because no current orders were on file for a stool sample. The plaintiff states he went back to the medical unit over the next couple months, but he received no response from the doctor. The plaintiff filed a grievance, but it was denied. On June 7, June 12, and June 13, the plaintiff was sent back to his housing unit after going to the medical unit. After returning back from giving a stool sample on June 13, the plaintiff collapsed in his room one hour later. The plaintiff went back to the medical unit where the nurse screened him. The doctor then ordered him back to his cell. Fifteen minutes after complaining to a counselor, the plaintiff started vomiting and passing blood. The medical administrator ordered he be sent to the hospital.

The plaintiff complains of deliberate indifference in that: (1) the doctor failed to recognize the serious nature of the plaintiff's complaints; (2) the doctor failed to provide timely and

appropriate medical care; and (3) the doctor failed to follow the course of treatment prescribed by the hospital doctors.

The defendant filed two motions to dismiss. In his first motion to dismiss, the defendant states that the plaintiff has not requested any relief and that the plaintiff fails to allege sufficient facts to support a claim of deliberate indifference. In his second motion to dismiss, the defendant states that the plaintiff fails to state a claim of deliberate indifference. The plaintiff responded to the motions to dismiss.

Magistrate Judge John S. Kaull issued a report and recommendation recommending that the defendant's motions to dismiss be granted and that the plaintiff's complaint be dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

The plaintiff asserts that defendant Proctor violated his constitutional rights by being deliberately indifferent to his medical needs. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively

4

"sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Kaull recommends that the Eighth Amendment claim against defendant Proctor must be dismissed because the plaintiff cannot satisfy either component of his Eighth Amendment claim. This Court will first examine the November 18, 2007 incident, followed by the treatment the plaintiff received between March 2008 and June 12, 2008, and finally the June 13, 2008 incident.

To state a claim for deliberate indifference, the plaintiff must show a physical injury resulting from the care he received. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The plaintiff does not allege any physical injury from the time he spent in the medical unit on November 18, 2007. He only alleges psychological

injury.  Further, as the magistrate judge states, even assuming defendant Proctor was the doctor who recommended that the plaintiff be put in observation rather than go to the hospital, the medical administrator recognized the plaintiff's need and transferred him to the hospital.  Therefore, this Court concludes that the plaintiff has not shown that defendant Proctor was deliberately indifferent to his needs on November 18, 2007.

Next, the plaintiff asserts that defendant Proctor failed to treat him properly from March 2008 through June 12, 2008.  The plaintiff believes that the defendant should have followed the treatment plan developed by his hospital surgeon.  Unless exceptional circumstances are alleged, a prisoner does not raise a cognizable Eighth Amendment claim when the allegations result from a "mere disagreement between the inmate and a physician over the inmate's proper medical care." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  Further, as the magistrate judge mentions in his report and recommendation, mere malpractice or negligence in diagnosis or treatment does not establish an Eighth Amendment violation. Estelle, 429 U.S. at 106.  Therefore, the plaintiff's conclusory allegations that one doctor's treatment plan was better than another's and the plaintiff's allegations of medical negligence for the defendant's choice of a treatment plan do not state a constitutional claim.  The plaintiff further provides no support for his statement that any delay in treatment between March 2008 and June 13, 2008 caused his symptoms to recur.  Accordingly,

this Court finds that the plaintiff has failed to allege that the defendant was deliberately indifferent between March 2008 and June 12, 2008.

Finally, on June 13, 2008, this Court again assumes that defendant Proctor is "the doctor" mentioned in the complaint. The defendant was not at the medical unit when the plaintiff first arrived that day, thus, he cannot be liable for any incidents occurring during the plaintiff's first visit on June 13, 2008. The doctor was present for the plaintiff's second visit that day. The magistrate judge is correct that the only possible claim on June 13, 2008 arises from the doctor sending the plaintiff back to his housing unit as the nurse had already taken a stool sample from the plaintiff. The plaintiff went to his counselor after leaving the medical unit and was in his cell for approximately fifteen minutes before his condition worsened. When his condition became serious, the plaintiff went to a hospital. Again, the plaintiff alleges no physical injury from the delay, only a psychological one. As mentioned earlier, the plaintiff must allege a physical injury to make a claim for deliberate indifference. 42 U.S.C. § 1997e(e). Therefore, the plaintiff fails to establish a claim of deliberate indifference for the June 13, 2008 incident.

This Court has considered the November 18, 2007 incident, the treatment provided to the plaintiff from March 2008 through June 12, 2008, and the June 13, 2008 incident, along with the objections the plaintiff filed to the magistrate judge's report and

7

recommendation, and finds that the plaintiff does not allege facts sufficient to support a claim for deliberate indifference against the defendant. Based upon a de novo review, this Court agrees in the magistrate judge's recommendation that the claim against defendant Proctor must be dismissed.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections thereto lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, this Court GRANTS the defendant's motions to dismiss and the plaintiff's complaint is DISMISSED WITH PREJUDICE against defendant Dr. David Proctor. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:      January 12, 2010


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE